**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MYTH CLOTHING COMPANY, INC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNICOLORS, INC.,**<br><br>**Defendant.** | **Civil Action No.**<br><br><br>**COMPLAINT FOR**<br>**DECLARATORY JUDGMENT**<br><br>**ECF CASE** |

Plaintiff, Myth Clothing Company, Inc. (hereinafter "Myth" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against Defendant, Unicolors, Inc. (hereinafter "Unicolors" or "Defendant"), alleges as follows:

**NATURE OF ACTION**

1.  This is an action for declaratory judgment which arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*  By this action, Plaintiff seeks a declaration that they, or any of their customers who have purchased purportedly infringing product, have not infringed upon the claimed copyright rights of Unicolors, as set forth herein.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) with

respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* and

pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3.      This Court has diversity jurisdiction over this dispute under 28 U.S.C. §1332

since this dispute exceeds $75,000 and is between citizens of different states.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is

an action brought pursuant to the Copyright Act, Defendant conducts business in this

judicial district, and a substantial part of the events giving rise to the claims occurred in

this District. Also, Defendant has previously subjected itself to the jurisdiction of this

Court in analogous litigation.

## THE PARTIES

5.      Myth is a corporation organized under the laws of the State of New York

with its showroom and place of business located in the heart of New York's Garment

District at 525 Seventh Ave, New York, New York 10018.

6.      Myth has been registered to do business in the State of New York and has

done business in New York's Garment District since at least as early as 2011.

7.      Myth conducts its business in the wholesale apparel industry, selling,

marketing and/or promoting clothing to retail establishments that sell to the public.

Specifically, The TJX Companies, Inc. ("TJX") is one of Myth's customers for wholesaled

apparel.

8.      Upon information and belief, Myth is the wholesale supplier and vendor of the products alleged to infringe Defendant's copyright rights as asserted herein.

9.      Upon information and belief, Unicolors is a corporation organized and existing under the laws of the State of California within a place of business at 3251 East 26th Street, Vernon, California 90058.

10.     Upon information and belief, Unicolors is in the business of importing and selling woven, printed and knitted fabrics originating from Asia to its customers in the United States States and in New York.

11.     Upon information and belief, Unicolors is doing business in the State of New York and within this district, transacts business within the State of New York and within this district, including but not limited to New York City's famed garment center, derives revenue from intrastate and interstate commerce, and Unicolors is otherwise within the jurisdiction of this Court.

12.     Since Myth and Unicolors each regularly transact business in the State of New York and within this judicial district, jurisdiction in the Southern District of New York is appropriate for adjudication of the claim(s) brought herein.

**FACTUAL BACKGROUND**

13.     Unicolors is the purported owner of a copyright in design artwork ("Unicolors's Design") shown as part of the attached *Exhibit A*.

14.     On or about October 8, 2015, MYTH's customer TJX received formulaic

3

letters with enclosures from Unicolors's counsel, Chan Yong Jeong, of the law firm Jeong & Likens, L.C.

15.     In the letters, Mr. Jeong asserts, *inter alia*, that TJX is "producing, manufacturing, distributing, and/or offering for sale garments which infringe [Unicolor's] rights" in the Unicolors's Design which "has been approved by the United States Copyright Office as of Janurary 28, 2008." Mr. Jeong's letters also demand that TJX "**immediately cease and desist** from all distribution and/or sales of the fabric and garments discussed." A copy of the letters from Mr. Jeong and the accompanying enclosures, which include a "faithful reproduction" of the Unicolors's Design and a photograph(s) of the accused garment, are attached hereto as part of *Exhibit A*.

16.     Upon information and belief, the Unicolors Design is so conventional, part of the public domain, commonplace, and unoriginal as to not constitute a work that is protectable in copyright.

17.     Mr. Jeong's letters meticulously details the accused garment by providing the accused garments' label and RN number issued and assigned by the Federal Trade Commission ("FTC"), all of which demonstrates that Unicolors is undoubtedly aware that MYTH is the supplier and vendor of the accused garments to TJX. Attached hereto as *Exhibit B* is a true and correct reproduction of the FTC federal government website showing that the RN number noted on Mr. Jeong's letters is issued and assigned to MYTH.

4

18.     Upon information and belief, given Unicolors's status as a member of the apparel community and as a serial copyright claimant against apparel manufacturers and retailers, Unicolors was aware that their letters to TJX would disrupt and adversely affect MYTH as the contractual supplier of the accused garments to TJX.

19.     Upon information and belief, Unicolors learned of the commercial activity concerning the accused garments through the sale, offer for sale, advertising, marketing and/or promotional activities of Plaintiff.

20.     Upon information and belief, Unicolors objects to all sales, offers for sale, advertising, marketing and/or promotional activities by Plaintiff which relate to accused garments that allegedly incorporate the Unicolors's Design.

21.     Upon information and belief, Unicolors objects to all advertisements, marketing and promotional materials which contain and/or relate to accused garments that allegedly incorporate the Unicolors's Design and are used by Plaintiff to solicit and promote business with TJX and similar retailers.

22.     Upon information and belief, Unicolors's explicit demand that TJX "**immediately cease and desist** from all distribution and/or sales of the fabric and garments [alleged as infringing]" also includes an implied demand that MYTH cease and desist from all advertising, marketing and promotional activities that promote the wholesale and/or sale of garments incorporating the accused design.

23.     Upon information and belief, Unicolors's explicit demand that TJX

5

"**immediately cease and desist** from all distribution and/or sales of the fabric and garments [alleged as infringing]" also includes an implied demand that MYTH cease and desist from all distribution and supply of its product that contains a design substantially similar to Unicolors's Design.

24.      By virtue of the foregoing, MYTH is compelled to seek a declaration from this Court that Defendant's copyright rights and/or that Defendant's asserted rights are invalid and/or unenforceable, and therefore, MYTH, TJX, and/or any other party or company cannot have infringed the Unicolors's Design.

**COUNT I**
**DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON- INFRINGEMENT UNDER THE COPYRIGHT ACT**

25.      Plaintiffs repeats and realleges each allegation contained in paragraphs 1 through 21 as if set forth in full herein.

26.      An actual controversy has arisen and now exists between Plaintiff and Unicolors concerning whether Plaintiff and/or its customer who contractually purchased the alleged garments (TJX) has infringed Unicolors's copyright rights.

27.      Defendant's actions have frustrated Plaintiff's sales and solicitation of the accused product(s), stymie Plaintiff's marketing, advertising, and promotional activities, and strained Plaintiff's business reputation, market place respect, and relationships.

28.     Plaintiff has advertised, marketed, offered for sale and sold the clothing alleged by Defendant to have infringed its copyright rights.

29.     Plaintiff believes and alleges that their clothing products, or any products whatsoever, do not infringe upon any valid copyright rights of Defendant.

30.     Plaintiff alleges that Defendant's copyright registration is incurably defective.

31.     Plaintiff alleges that Defendant's purported copyright rights are invalid and/or unenforceable.

32.     By virtue of the foregoing, Plaintiff desires a judicial determination of the parties' rights and duties with respect to the copyright rights asserted by Unicolors.

33.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A.  For judgment declaring that Defendant's copyright rights are invalid, void, unenforceable and/or not infringed by the clothing product(s) sold by Plaintiff;

B.  Awarding Plaintiff's costs, expenses and reasonable attorneys' fees as permitted by law; and

C.  Awarding Plaintiff such other and further relief as the as the Court may deem just and proper.

7

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully Submitted,

**KAKAR, P.C**.
Attorneys for Plaintiff
525 Seventh Avenue, Suite 1810
New York, NY 10018
212-704-2014

Dated:     Thursday, December 03, 2015          By: ___/S/ *Sumeer Kakar*___
               New York, New York

Sumeer Kakar, Esq. (SK 0913)
sk@kakarlaw.net

8